PUTNAM, Circuit Judge
(orally). In this case a cargo was insured from Calais to Philadelphia. It is claimed that the vessel was unseaworthy at the time the risk was to commence, and that, therefore, the risk never attached. The vessel during her voyage touched *749 in at Port Clyde, in the town of St. George, having met with some bad weather; and it is also claimed by the defense that she was then found to be in a condition which prohibited her from safely proceeding further on her voyage, that this was known to the master, that the master should have made repairs at that port, and that his not doing so discharged the underwriters. Some of the state courts have held that such is the law, so far, at least, as the vessel is concerned. It is not the law in England, but it has been accepted so far as the vessel is concerned by the Supreme Court in Union Insurance Company v. Smith, 124 U. S. 405, 427, 8 Sup. Ct. 534, 31 L. Ed. 497; that is to say, it has been accepted in the opinion delivered in behalf of the court. Whether the court itself will accept that rule when it comes directly before it we do not know. It ought not, as it is against the general principles of insurance, which relieve the person insured from the mistakes and defaults of their agents; indeed, generally, from their own mistakes. But the furthest any decision goes is to relieve underwriters on the vessel from the neglect of the master under the circumstances spoken of. No case which we have seen, or which has been brought to our attention, relieves underwriters on the cargo on account of the neglect of the master in this particular, except in instances where the outfits, or cargo, are the property of the owners of the vessel.
It is claimed by the defense that the master of the vessel is the representative of the cargo. That is true to a limited extent; but he is not the representative of any cargo to the detriment or injury thereof, only for its benefit.
We are not required to extend the rule so far as to hold that the owner of a cargo can be prejudiced, as claimed by the defense, by any neglect or act, willful or otherwise, on the part of the inaster in intermediate ports. We accept for this case the rule as stated by Mr. Phillips, although we agree with him that it is not in harmony with the fundamental principles of marine insurance. He puts it in the following language: “The obligation still rests upon the assured to keep the vessel seaworthy, if it be practicable, so far as it depends on himself;” that is, of course, on himself individually, or on his agents. But that expression “himself” does not apply when the assured owns only the cargo, and the default, if there be one, is on the part of the owner of the vessel or her master.